# HAWORTH
## BARBER & GERSTMAN, LLC

777 Third Ave, Suite 2104, New York, NY 10017
Phone: 212.952.1100 Fax: 212.952.1110
www.hbandglaw.com

*Constantinos Tsanatelis*
*Special Counsel*
*Direct: 212.952.1166*
*Constantinos.Tsanatelis@hbandglaw.com*

February 19, 2025

*Via ECF*

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *Acevedo v. HH 246 Fifth, LLC, et al*
Docket No: 1:22-cv-06620

Dear Judge McMahon,

[Handwritten memo endorsement, dated 2/24/2025: "Refer to Judge Ricardi for supervision. This case is over 2 years old. Ready for trial by [illegible]"]

We represent the defendants in this case, in which plaintiff claims that the Bondi Sushi restaurant located at 246 5th Avenue, New York, NY fails to comply with the ADA standards for wheelchair accessibility. This letter is submitted to respectfully request that Your Honor issue an Order: (1) extending the deadline to complete the plaintiff's deposition to March 14, 2025; and (2) compelling plaintiff to appear for the deposition. In the alternative, we respectfully request an Order of Reference to Magistrate Judge Henry J. Ricardo for handling of this dispute. The original deadline to complete plaintiff's deposition was February 14, 2025. This is the first time that the defendants have made this request. Plaintiff's counsel has objected to this request, as detailed below, hence the relief requested herein.

On Wednesday, January 29, 2025, I called plaintiff's counsel and left him a voicemail asking to reopen settlement discussions. Plaintiff's counsel emailed me back one week later, on February 5th, proposing that we speak the next day. We had a telephone conference on February 6th, however we were unfortunately unable to reach a settlement.

As it was apparent that the case would not resolve, I then wrote to plaintiff's counsel on February 12, 2025, stating "I am reaching out to schedule plaintiff's deposition. Please advise as to availability and we will send a deposition notice for a mutually agreeable date." Plaintiff's counsel responded via email the next day, ignoring my request to schedule plaintiff's deposition, and instead requesting dates for the defendants' depositions, and requesting to meet and confer about a discovery dispute that he did not identify and is unknown to me. I then replied that we can select the defendant's deposition date after we agree on a date for the plaintiff - as that comes first in order of priority. Counsel replied the following week – **waiting until after his client's**

February 19, 2025
Page 2

**deposition deadline had passed** – and objected to my request on the basis that the deposition was not noticed or taken within the Court deadline.

It is respectfully submitted that an Order extending the deadline to complete plaintiff's deposition and compelling plaintiff to appear for it is warranted. Prior to requesting the deposition, I attempted, in good faith, to settle the case with plaintiff's counsel, to no avail. Thereafter, I requested plaintiff's availability from his counsel so that a mutually convenient date could be selected. This request was made prior to the expiration of the deadline, yet counsel did not object until the following week, after the deadline had already expired. Moreover, counsel did not identify any prejudice that would result if the deposition were completed several weeks after the deadline. **Significantly, the deadline to complete all discovery is April 28, 2025, and thus there remains ample time to complete the deposition.**

The Federal Rules presuppose a spirit of cooperation amongst counsel. Despite my efforts to work with plaintiff's counsel in completing all necessary discovery, he has evidently chosen to do the opposite. He delayed in responding to my request for his client's deposition until after the deadline had already passed, in an apparent effort to stonewall the defense. He then objected to the deposition without articulating any prejudice that would result, or any reason why the deposition could not be completed within the next two-plus months before discovery closed. The defense notes that should plaintiff – a wheelchair user – be deposed, we would readily consent to conducting the deposition via zoom in order to alleviate any travel burden upon the plaintiff.

Based on the foregoing, it is respectfully requested that the defendants' motion be granted. In the alternative, we respectfully request an Order of Reference to Magistrate Judge Henry J. Ricardo for handling of this dispute. Should Your Honor require any additional information, we would be happy to provide it. Thank you for Your Honor's time and attention to this matter.

Respectfully submitted,

/s/ Constantinos Tsanatelis
_____
Constantinos Tsanatelis
Haworth Barber & Gerstman, LLC
Counsel for Defendant